# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICKY TEJADA, | |
| Plaintiff, | CIVIL ACTION NO. 3:18-cv-01096 |
| v. | (JONES, J.)<br>(SAPORITO, M.J.) |
| SUPERINTENDENT DELBALSO, | |
| Defendant. | |

## **MEMORANDUM**

This is a fee-paid *pro se* prisoner civil rights action. In his complaint, the plaintiff, Ricky Tejada, has asserted excessive force, property deprivation, and retaliation claims arising out of a May 31, 2016, incident. He seeks an award of damages from more than one dozen individual named defendants, plus the Pennsylvania Department of Corrections and SCI Mahanoy, the prison where he was incarcerated at the time of the incident. In addition to his federal civil rights claims, brought under 42 U.S.C. § 1983, he has also asserted parallel state-law tort claims for assault and battery. At the time of filing, Tejada was incarcerated at SCI Retreat, a state prison located in Luzerne County, Pennsylvania.

The matter is now before us on the plaintiff's motion the appointment of a guardian ad litem to represent him in this action. (Doc.

14). In his motion papers, signed and dated on October 11, 2018, the plaintiff reported that he had been transferred from SCI Retreat to Erie County Prison, where he had been placed under "psychiatric watch" or "psychiatric suicide watch" in the prison hospital for unarticulated reasons. He further reported that he eventually would be returned to SCI Retreat, but until that time, his confinement at Erie County Prison under "psychiatric watch" precluded him from having access to a law library or legal assistance. Moreover, he reported that he did not have access to his records for this case, apparently because they were still at SCI Retreat. Finally, he reported that he was being treated for an unspecified mental illness, which resulted in his being "unstable" or incapacitated. He has requested appointment of a guardian ad litem to represent him for so long as he remained confined under "psychiatric watch" at Erie County Prison.

Rule 17(c) of the Federal Rules of Civil Procedure provides, in relevant part, that: "The Court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c). "While Rule 17(c) does not provide a standard for determining competency, Rule 17(b) provides that the capacity of a party to sue or be sued shall be determined by the

law of the party's domicile." *Richards v. Duke Univ.*, 166 Fed. App'x 595, 598 (3d Cir. 2006) (per curiam); *see also* Fed. R. Civ. P. 17(b). Under Pennsylvania law, an "incapacitated person" is defined as "an adult whose ability to receive and evaluate information effectively and communicate decisions in any way is impaired to such a significant extent that the person is partially or totally unable to manage financial resources or to meet the essential requirements for physical health and safety." Pa. R. Civ. P. 2051; *see also Powell v. Symons*, 680 F.3d 301, 308 n.6 (3d Cir. 2012). "The purpose behind appointing a guardian is to protect the interests of the incompetent person, not the defendants." *Richards*, 166 Fed. App'x at 599. Appointment of a guardian ad litem is inappropriate where the purportedly incompetent party is "clearly able to protect her interests in this litigation" and "understand the meaning and effect of the legal proceedings [she] has instituted." *Id.* (brackets in original) (quoting another source).

Here, while Tejada has alleged that he is being or has been treated for some unspecified mental illness, there is no opinion or other evidence in the record from a medical or mental health professional demonstrating that Tejada is being or has been treated for mental illness of the type that

would render him legally incompetent, nor is there any evidence that he has been adjudicated incompetent by any court. *See Powell*, 680 F.3d at 307; *Monroe v. Bryan*, 881 F. Supp. 2d 623, 628 (D. Del. 2012). Moreover, in reviewing the plaintiff's pleadings and motion papers, it is clear that he understands the nature of the action he has commenced, that he has demonstrated adequate "ability to organize his points, make rational arguments, and cite supporting legal authority," and that his filings are "coherent and logical." *Powell*, 680 F.3d at 309; *Monroe*, 881 F. Supp. 2d at 628; *see also Hartmann v. Carroll*, 882 F. Supp. 2d 742, 746–47 (D. Del. 2012); *Watkins v. Vaughn*, No. CIV.A. 02-8823, 2003 WL 21233531, at *3 (E.D. Pa. May 29, 2003).

Accordingly, under these circumstances, we find the evidence insufficient to conclude that the plaintiff is incompetent, and thus we will deny the motion without prejudice and decline to appoint a guardian ad litem at this time.

It is our understanding, both from returned mail and from publicly available prison records, that Tejada has returned to SCI Retreat since the filing of his motion. To the extent the plaintiff's request for appointment of a guardian ad litem was based on his temporary lack of access to prison

law library facilities or to his personal legal materials, we will liberally construe the motion also as a request for an extension of time to complete service of original process upon the named defendants. *See* Fed. R. Civ. P. 4(m); Fed. R. Civ. P. 6(b). *See generally Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–46 (3d Cir. 2013) (discussing a court's obligation to liberally construe *pro se* pleadings and other submissions, particularly when dealing with imprisoned *pro se* litigants). For good cause shown, this request for an extension of time will be granted. The plaintiff shall serve each of the named defendants with a copy of the summons and complaint on or before February 28, 2019.[1]

An appropriate Order follows.

Dated: November __19__, 2018

JOSEPH F. SAPORITO, JR.
United States Magistrate Judge

---

[1] In the alternative, the plaintiff may obtain a waiver of service from each of the defendants, as set forth in Rule 4(d) of the Federal Rules of Civil Procedure.