THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RICKY TEJADA,                          :
                                       : CIVIL ACTION NO. 3:18-CV-1096
        Plaintiff,                     : (JUDGE MARIANI)
                                       : (Magistrate Judge Saporito)
        v.                             :
                                       :
SUPERINTENDENT DELBASO, et al.,        :
                                       :
        Defendants.                    :

## MEMORANDUM OPINION

### I. INTRODUCTION

Magistrate Judge Joseph F. Saporito's Report and Recommendation ("R&R") (Doc.

217) in which he addresses the claims contained in Plaintiff's second amended complaint

(Doc. 122) is pending before the Court.[1]  The second amended complaint contains

numerous allegations of wrongdoing which Plaintiff maintains violate the United States

Constitution and Pennsylvania state law.  Defendants filed a motion for summary judgment

seeking judgment in their favor on most claims contained in the operative complaint.  (See

Docs. 152, 163.)  Magistrate Judge Saporito recommends granting Defendants' motion,

dismissing Doe Defendants *sua sponte*, dismissing Plaintiff's Fourth and Fourteenth

Amendment excessive force claims and Eighth Amendment medical claim sua sponte,

---

[1] Plaintiff's second amended complaint (Doc. 122) is the operative complaint and is incorrectly titled "First Amended Complaint."  The Court herein will refer to the document as the "second amended complaint" or "operative complaint."

entering judgment in Defendants' favor on the remaining 42 U.S.C. § 1983 claims,

dismissing Plaintiff's supplemental state-law tort claims without prejudice, and closing the

case. (Doc. 218 at 77-78.) In considering the recommended disposition, the Court takes

into account Plaintiff's objections to the R&R (Doc. 239),[2] Defendant's response (Doc. 240),

and all other relevant documents. For the reasons that follow, Plaintiff's objections will be

overruled in part and sustained in part and the R&R will be adopted in part.

## II. STANDARD OF REVIEW

If a party timely and properly files a written objection to a Magistrate Judge's Report

and Recommendation, the District Court "shall make a *de novo* determination of those

portions of the report or specified proposed findings or recommendations to which objection

is made." *Id*. at § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3); M.D. Pa. Local Rule 72.3;

*Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). "If a party does not object timely to a

magistrate judge's report and recommendation, the party may lose its right to *de novo*

review by the district court." *EEOC v. City of Long Branch*, 866 F.3d 93, 99-100 (3d Cir.

2017). The *de novo* standard applies only to objections which are specific. *Goney v. Clark*,

749 F.2d 5, 6-7 (3d Cir. 1984). However, "because a district court must take some action

for a report and recommendation to become a final order and because the authority and the

---

[2] On December 15, 2021, Plaintiff requested leave to amend his objections to the R&R filed on July 23, 2021 (Doc. 218). (Doc. 235.) The Court granted Plaintiff's request by Order of January 10, 2022. (Doc. 236.) After requesting and being granted an extension of time to file amended objections (Docs. 237, 238), Plaintiff filed the document addressed herein on April 13, 2022 (Doc. 239). These objections replace rather than supplement Plaintiff's original objections.

responsibility to make an informed, final determination remains with the judge, even absent objections to the report and recommendation, a district court should afford some level of review to dispositive legal issues raised by the report." *City of Long Branch*, 866 F.3d at 100 (internal citations and quotation marks omitted).

### III. OBJECTIONS TO REPORT AND RECOMMENDATION

## A. First Amendment Access-to-Courts

Plaintiff first objects to Magistrate Judge Saporito's conclusion that summary judgment should be granted on his First Amendment access-to-courts claim. (Doc. 239 at 7-8.) In his objections to the R&R, Plaintiff maintains that he referred to a deprivation of property which affected his access to courts in an Exhibit attached to his second amended complaint. (Doc. 239 at 7 (citing Ex A1 to second amended complaint).) The identified Exhibit, an Inmate's Request to Staff Member" dated March 17, 2016, addresses alleged retaliation for filing grievances and deprivation of property which Plaintiff said was hindering him from presenting claims and defenses to the court. (*Id.* at 26.) Plaintiff's second amended complaint itself (Doc. 122 at 1-23) does not address any access-to-courts claim based on the deprivation of property hindering him from presenting matters to courts. However, Magistrate Judge Saporito liberally construed Plaintiff's second amended complaint to raise such a claim and appropriately found the claim to be without merit. (*See* Doc. 217 at 25 n.7, 36-38.) Magistrate Judge Saporito also appropriately concluded that Plaintiff's specific "Denial of Access to Court by Not making Administrative Remedy

Available" (Doc. 122 at 21-23) presented in his second amended complaint to be without

merit.  (Doc. 217 at 38-39.)

In support of his assertion that his access-to-court claim should go forward, Plaintiff

now focuses on Defendant Wall's alleged late mailing of his appeal of the Lehigh County

Court's April 7, 2016, denial of his PCRA petition to the Superior Court which allegedly

caused his appeal to be rejected.  (Doc. 239 at 8.)  The problem with Plaintiff's reliance on

this event is that, in the second amended complaint (Doc. 122), he does not mention

anything about his appeal of the PCRA denial to the Superior Court.

Although the Court must "construe *pro se* complaints nonrestrictively," *Mitchell v.

Horn*, 318 F.3d 523, 530 (3d Cir. 2003), a plaintiff may not amend his complaint in a brief in

opposition to a motion, *see, e.g., Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109 n.9

(3d Cir. 2002).  As explained in *Jones v. Treece*, 774 F. App'x 65 (3d Cir. 2019),

> a plaintiff generally "may not amend his complaint through arguments in
> his brief in opposition to a motion for summary judgment." *Shanahan v. City of
> Chicago*, 82 F.3d 776, 781 (7th Cir. 1996). In briefing, Jones concedes that he
> "did not specifically, by name, allege an inhumane conditions of confinement
> action . . . ." . . . But Jones argues that this failure should be forgiven because
> his pro se complaint should be liberally construed to include this claim. Jones
> is correct that a pro se litigant's pleadings are liberally construed. *Higgs v. Att'y
> Gen.*, 655 F.3d 333, 339 (3d Cir. 2011). But "[l]iberal pleading does not require
> that, at the summary judgment stage, defendants must infer all possible claims
> that could arise out of facts set forth in the complaint." *Gilmour v. Gates,
> McDonald & Co.*, 382 F.3d 1312, 1315
>  (11th Cir. 2004).

774 F. App'x at 67.  Nor can a plaintiff raise a new legal theory for the first time in objections

to a report and recommendation or otherwise amend a complaint in his objections.  *Glover*

*v. Urden,* Civ. A. No. 08-990, 2014 WL 6682461, at *3 (W.D. Pa. Nov. 25, 2014) (citing

*Grayson v. Mayview State Hosp.,* 293 F.3d 103, 109 n. 9 (3d Cir. 2002) (a plaintiff may not

effectively amend a complaint "through any document short of an amended pleading.");

*Jimenez v. Barnhart,* 46 F. App'x 684, 685 (3d Cir. 2002) (issues raised initially in the

objections to the magistrate judge's report and recommendation are deemed waived)).

Notwithstanding the foregoing basis for overruling Plaintiff's objection and granting

summary judgment on Plaintiff's access-to-courts claim, Plaintiff fares no better if the Court

were to consider the merits of the claim now raised and that asserted in his brief in

opposition to summary judgment (Doc. 198).  Plaintiff states in his brief in opposition to

summary judgment that his "PCRA petition was denied because Defendants kept depriving

him of his property and denying him law library – *preventing* him from appealing to Superior

Court PCRA outcome."  (Doc. 198 at 24 (citing "Ex. 'N' attached") (emphasis added).)  In

the cited exhibit, an Affidavit of Ricky Tejada, states that because he "had no property or

way to get stationery off of other inmates on housing unit," he could not appeal the PCRA

Court's April 7, 2016, PCRA denial. [3]  (Doc. 199 at 15.)  However, in his objections to the

R&R, Plaintiff asserts that he got his property back on April 28, 2016, "he immediately

turned over his notice of appeal" appealing the PCRA Court's denial, and Defendant Wall

_____

[3] Plaintiff's assertion that he could not appeal because he did not have his property or a way to get
stationery is not supported by the record. The Lehigh County Criminal Docket shows that Petitioner filed
numerous documents in the month following the April 7, 2016, denial of his PCRA petition.  (*See* Doc. 163-
1 at 49-51.)

caused the appeal to be untimely because he did not promptly mail it. (Doc. 239 at 8.)

Plaintiff refers to documents supporting his current allegation as "now available documentary proof." (*Id.* (citing Exs. A and A1 (Docs. 239-2, 239-3).) However, whatever might be "new" about this "proof" is not relevant. Though Plaintiff now asserts that Defendant Wall's late mailing caused his appeal to be rejected by the Superior Court (Doc. 239 at 8), he provides no evidence to support this assertion. The Court of Common Pleas of Lehigh County Criminal Docket shows that Plaintiff's appeal of the April 7, 2016, PCRA denial was docketed on May 25, 2016. (Doc. 163-1.) Reference to Plaintiff's cited exhibits shows that the Certificate of Service was dated April 29, 2016, and docketed in the Lehigh County Court on May 25, 2016, but there is no verification that April 29th was the date Plaintiff submitted his appeal for mailing. (Doc. 293-3 at 2.) The cited exhibits also show that on May 9, 2016, Plaintiff filed an "Inmate's Request to Staff Member" inquiring of Defendant Wall whether mail to the Lehigh County Court House "end of April beginning of May" had been mailed. (Doc. 293-2 at 2.) On May 16, 2016, Defendant Wall responded that Plaintiff's mail "was placed in the mailbox after my approval." (*Id.*) A review of the Lehigh County Court of Common Pleas docket does not indicate that, following May 25, 2016, the Superior Court rejected any of Plaintiff's numerous appeals as untimely. (*See* Doc. 163-1 at 53-62.) Rather, on May 4, 2017, one appeal was withdrawn, and between October 5, 2017, and January 4, 2018, eleven appeals were dismissed due to Plaintiff's failure to file a brief. (*See id.* at 61-62.) Therefore, assuming *arguendo* that Plaintiff's claim

that his appeal was rejected because Defendant Wall failed to timely mail the appeal to the Lehigh County Court had been properly raised, his assertion that this was the cause of the appeal being denied is not supported by the record.  For these reasons, Plaintiff's objection regarding his access-to-courts claim is overruled.

## B.  Seizure of Property

With his objection to Magistrate Judge Saporito's determination that Plaintiff's Fourth Amendment claims for the seizure and loss of his personal property is without merit, Plaintiff presents no basis to find error.  (*See* Doc. 239 at 9-10.)   Therefore, this objection is overruled.

## C.  Eighth Amendment Excessive Force

### 1.  July 26, 2018, Van Transport Incident

Regarding Plaintiff's objection to the Magistrate Judge's conclusion that summary judgment should be granted on Plaintiff's claim related to the July 26, 2018, van incident (Doc. 239 at 10-12), the Court agrees that summary judgment is not warranted.  Defendants focus on the fact that Plaintiff never sought medical treatment for his injuries and his alleged deprivation of a meal does not give rise to an Eighth Amendment claim.  (Doc. 163 at 15.) The Magistrate Judge agreed, analyzing the claim as follows:

> [W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian,* 503 U.S. 1, 6–7 (1992).

> In making this inquiry, the Supreme Court has highlighted five factors: "(1) the need for the application of the force;" (2) "the relationship between the need and the amount of force that was used;" (3) "the extent of the injury inflicted;" (4) "the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of facts known to them;" and (5) "any efforts made to temper the severity of a forceful response."

*Baez v. Lancaster Cty.*, 487 Fed. App'x 30, 32 (3d Cir. 2012) (per curiam) (quoting *Whitley v. Albers*, 475 U.S. 312, 321 (1986)). An inmate need not prove that the harm he suffered was sufficiently serious in order to make out a constitutional claim where excessive force was used, as the absence of significant injury does not necessarily foreclose the inquiry. *Hudson*, 503 U.S. at 7; *see also Brooks v.Kyler*, 204 F.3d 102, 108–09 (3d Cir. 2000) ("[T]he absence of objective proof of non-de minimis injury does not alone warrant dismissal.").

At the same time, courts have held that the Constitution does not protect an inmate against an objectively de minimis use of force, provided that the use of force is not "repugnant to the conscience of mankind." *Whitley*, 475 U.S. at 327 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Lindsey v. O'Connor*, 327 Fed. App'x 319, 321 (3d Cir.2009); *Reyes v. Chinnici*, 54 Fed. App'x 44, 48 (3d Cir. 2002) ("There exists some point at which the degree of force used is so minor that a court can safely assume that no reasonable person could conclude that a corrections officer acted maliciously and sadistically."). "[N]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers,violates a prisoner's constitutional rights." *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973); *see also Murphy v. Palmer*, Civ. Action No. 14-cv-6896 (FLW) (DEA), 2017 WL 2364195, at *13 (D.N.J. May 31, 2017) ("[N]ot every push, shove or grab constitutes excessive force.").

Here, Tejada testified at his deposition that, while he was in a van being transported between SCI Mahanoy, a local courthouse, and SCI Retreat, Thorx and two unidentified correctional officers

> threw stuff on me, threw liquids on me, slapped me up the side, back of my head. They put this coat on me around my head, around my face, so I couldn't breathe.  They kicked me, threw

> me all over the seat. From the seat, I fell on the floor. They didn't
> give me my lunch when they transported me. They did all kind of
> stuff to me.
>
> (Doc. 153-1, at 59.) When asked what injuries, if any, he suffered as a result of
> this use of force, Tejada testified: "They inflicted pain on me. . . . They never
> cut me. . . . I wasn't bleeding. . . . [There were] no visible bruises." (*Id.* at 61.)
>
> Tejada has failed to adduce evidence of any injury whatsoever as a
> result of the purportedly excessive use of force by Thorx and two other,
> unidentified officers on July 26, 2018.  *See Wilkins v. Gaddy*, 559 U.S. 34, 37
> (2010) (noting that "[t]he extent of injury may . . . provide some indication of the
> amount of force applied"). Based on this and the other
> evidence of record, viewed in the light most favorable to the non-moving
> plaintiff, we find that Tejada as adduced nothing more that a de minimis use of
> force by Thorx and the other officers.  [Listing cases.]

(Doc. 217 at 48-51.)

The Court agrees with Defendants that the deprivation of a single meal does not give

rise to a constitutional claim.  (*See* Doc. 163 at 15 (citing *Lindsey v. O'Connor*, 327 F. App's

319, 321 (3d Cir. 2009); *Robles v. Coughlin*, 725 F.2d 12, 15 (2d Cir. 1983)).)  However,

regarding the use of force on July 26, 2018, while Plaintiff did not have *visible* injuries, the

Court cannot conclude that Plaintiff's allegations do not point to a "wanton use of

unnecessary force," protection from which is "at the hub of the Eighth Amendment."  *Brooks*,

204 F.3d 108.

Assessing the five relevant factors identified by the Supreme Court, Defendants

have addressed only "the extent of the injury inflicted."  *Whitley*, 475 U.S. at 321.

Defendants have not shown a "need for the application of the force," and, with no need for

force, Defendants cannot show a "relationship between the need and the amount of force

that was used." *Id.*   Defendants have presented no evidence of any "threat to the safety of staff and inmates" or "any efforts made to temper the severity of a forceful response." *Id.* Because Defendants provide absolutely no evidence that any use of force was needed during the van transport, the Court concludes that they have not satisfied their burden of showing that summary judgment is warranted on this claim.   Therefore, Plaintiff's objection on this issue will be sustained with the result that Defendant's motion for summary judgment on Plaintiff's claim for excessive force based on the July 26, 2018, van transport allegations will be denied without prejudice.

   **2.  May 31, 2016, Incident**

   Plaintiff has not shown error based on his objections related to the May 31, 2016, incident.  (*See* Doc. 239 at 12-15.)  Contrary to his assertion that "a reasonable jury could find that defendants unnecessarily escalated there [sic] use of force" (*id.* at 15), a review of the evidence concerning the May 31, 2016, event (particularly the hand-held video with sound) shows that no reasonable juror could disagree that force was applied only after Defendant kicked an officer upon exiting the shower, that the use of force was justified, and that the force used was not excessive.  Therefore, Plaintiff's objection on this issue will be overruled and summary judgment will be granted on this claim.

**D. "Facts Overlooked or Misapprehended by Magistrate"**

   With his assertion regarding "Facts Overlooked or Misapprehended by Magistrate" (Doc. 239 at 15), Plaintiff focuses on information he did not receive during discovery,

including information about the John/Jane Doe Defendants (*id.* at 16).  Plaintiff does not

indicate that he *specifically* sought evidence regarding these Defendants or filed any motion

alleging that such evidence had been withheld.  The record shows that Defendant filed

several motions to compel discovery (Docs. 86, 100, 111, 141) and on at least one occasion

sought reconsideration (Doc. 149).  Although Plaintiff specifically sought names of

witnesses present or in the vicinity when "the incident" took place (*see* Doc. 112 at 1, Doc.

150 at 1), Plaintiff does not point to, and the Court has not found, any request for

information about John Doe and Jane Doe Defendants.  Therefore, Plaintiff's allegations

that he was "subject to abusive and evasive discovery practices" is unsubstantiated and

creates no basis to undermine Magistrate Judge Saporito's recommendations regarding

John Doe and Jane Doe Defendants (*see* Doc. at 31-34).  Therefore, "John and Jane Doe

Medical Defendants" are dismissed from this action.  However, because two John Doe

Defendants are implicated in the events of July 26, 2018, (Doc. 122 ¶ 77) and this Eighth

Amendment claim goes forward, these John Doe Defendants will not be dismissed.

## E. *Retaliation*

With his contention that the events of May 31, 2016, were in retaliation for the filing

of grievances (Doc. 239 at 17-18), Plaintiff does not show error in Magistrate Judge

Saporito's assessment of his general claims of retaliation, i.e., Plaintiff's "position that

everything the defendants did to him was done in retaliation for his prior filing of *unspecified*

inmate grievances."  (Doc. 217 at 72.)  However, to the extent Plaintiff alleges specifically

that the confiscation/destruction of personal property on May 31, 2016, was in retaliation for an informal grievance filed that morning and the use of force alleged during the van transport on July 26, 2018, was allegedly expressly stated to be in retaliation for the filing of grievances, closer evaluation is needed.  The R&R sets out the following relevant framework:

> To prevail on a retaliation claim, a prisoner must establish the following elements: (1) constitutionally protected conduct; (2) an adverse action by prison officials that is sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) a causal link between the exercise of his constitutional rights and the adverse action taken against him. *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003). Courts must diligently enforce these requirements lest public officials be deterred from legitimate decisions for fear of litigation. *Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007). This diligent enforcement does not create a heightened standard of proof, but merely recognizes that courts "should approach prisoner claims of retaliation with skepticism and particular care due to the near inevitability that prisoners will take exception with the decisions of prison officials and the ease with which claims of retaliation may be fabricated." *Alexander v. Forr*, Civil Action No. 3:CV-04-0370, 2006 WL 2796412, at *22 (M.D. Pa. Sept. 27, 2006) (internal quotation marks omitted), *aff'd per curiam*, 297 Fed App'x 102 (3d Cir. 2008).

> Throughout the pendency of this case, Tejada's position has been that everything the defendants did to him was done in retaliation for his prior filing of unspecified inmate grievances. It is well established that "[t]he filing of grievances is protected under the First Amendment." *Kelly v. York County Prison*, 340 Fed. App'x 59, 61 (3d Cir. 2009) (per curiam). Similarly, it is well established that many of the purportedly wrongful acts by the defendants may constitute adverse actions sufficient to meet the second element. *See, e.g. Mincy v. Chmielsewski*, 508 Fed. App'x 99, 104 (3d Cir. 2013) (per curiam) (destruction of personal property); *Mitchell*, 318 F.3d at 530 (issuance of purportedly false misconduct report); *Christian v. Garman*, No. 3:18-cv-1363, 2019 WL 5450573, at *7 (M.D. Pa. Oct. 24, 2019) (use of force).

> To evaluate the existence of a causal link, the Third Circuit has adopted

a burden-shifting analysis: the prisoner-plaintiff bears the initial burden of proving that his constitutionally protected conduct was a substantial or motivating factor in the decision to take adverse action against him; and once a prisoner has made his prima facie case, the burden shifts to the defendant to prove by a preponderance of the evidence that he would have taken the same adverse action even in the absence of the protected activity, for reasons reasonably related to penological interest. *Carter v. McGrady*, 292 F.3d 152, 157–58 (3d Cir. 2002); *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001).

(Doc. 217 at 71-73.)

Defendants have not sought summary judgment on the specific claims which the Court concludes warrant further analysis.  Further, because the facts of record show that, on these claims, Plaintiff arguably could satisfy the elements set out in *Mitchell*, the burden may shift to Defendant to defeat the specifically identified retaliation claims.  Therefore, Plaintiff's objection to the recommendation that summary judgment be granted on his retaliation claims is sustained in part and overruled in part.  The objection is sustained insofar as Plaintiff's First Amendment retaliation claim goes forward as it relates to the May 31, 2016, confiscation of property and the July 26, 2018, excessive force allegations, and Defendants' motion for summary judgment will be denied without prejudice as to these claims.  The objection is overruled, and summary judgment will be granted on Defendant's First Amendment retaliation claim in all other respects.[4]

---

[4] The Court does not separately address Plaintiff's objection that "Civil Liability May Be Imposed for Property Claim" (Doc. 239 at 18) because this objection has to do with the property confiscated on May 31, 2016, and he appears to be relating this to his retaliation claim previously addressed by the Court and decided in his favor as explained in the text.

## IV. OTHER MATTERS

### A.  State Law Claims

Magistrate Judge Saporito recommends that Plaintiff's state-law tort claims for assault and battery be dismissed without prejudice based on his recommendation that all federal claims be dismissed.  (Doc. 217 at 76-77.)  However, because the Court has determined that the First Amendment Retaliation claim and Eighth Amendment excessive force claim properly go forward in part and because Defendant did not seek summary judgment on the assault and battery claims, these claims also go forward, *see supra p.9*,

### B.  Clear Error Analysis

The Court finds no clear error in Magistrate Judge Saporito's analysis and recommendation regarding matters to which Plaintiff did not object.  However, because the claims identified above go forward, allegations of supervisory liability and conspiracy related to those claims also go forward.  Similarly, claims against John Doe Defendants alleged to have been involved in the July 26, 2018, van incident go forward though the "John/Jane Doe medical department staff" will be dismissed (*see* Doc. 217 at 32-34).

Judgment in Defendant's favor or dismissal of all claims against Defendants Department of Corrections and SCI-Mahanoy is appropriate for the reasons set out in the R&R.  (Doc. 217 at 34-35.)

## V. CONCLUSION

For the reasons set forth above, the R&R (Doc. 217) will be ADOPTED IN PART.

Plaintiff's Fourth Amendment and Fourteenth Amendment excessive force claims will be

DISMISSED for failure to state a claim upon which relief can be granted pursuant to 28

U.S.C. § 1915A(b)(1) and 42 U.S.C. § 1997e(c)(1).  Pursuant to *Grayson*, 293 F.3d at 108,

the claims will be dismissed without leave to amend.  (*See* Doc. 217 at 54-55.)  Plaintiff's

Eighth Amendment claims for deliberate indifference to serious medical needs will be

DISMISSED for failure to state a claim upon which relief can be granted pursuant to 28

U.S.C. § 1915A(b)(1) and 42 U.S.C. § 1997e(c)(1).[5]  Pursuant to *Grayson*, 293 F.3d at 108,

the claims will be dismissed without leave to amend.  (*See* Doc. 217 at 67.)   Defendants

"John/Jane Doe medical department staff," Department of Corrections, and SCI-Mahanoy

will be dismissed from this action.  The Motion for Summary Judgment of Department of

Corrections Defendants (Doc. 152) will be GRANTED IN PART and DENIED IN PART.  The

Motion will be DENIED WITHOUT PREJUDICE as to the Eighth Amendment excessive

force claim related to the July 26, 2018, van incident and the First Amendment retaliation

claims based on the confiscation of property on May 31, 2016, and the events of July 26,

2018.  This denial includes supervisory and conspiracy claims related to these events.  The

---

[5] Magistrate Judge Saporito notes that Plaintiff did not set out an Eighth Amendment claim for deliberate indifference to serious medical needs, but his second amended complaint contains allegations that Plaintiff requested and was denied medical treatment for injuries he suffered.  (*See* Doc. 217 at 24 n.23, 60 & n.42.)  Pursuant to *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-46 (3d Cir. 2013), Magistrate Saporito liberally construes Plaintiff's second amended complaint and provides a thorough analysis of a deliberate indifference to serious medical needs.  (*See* Doc. 217 at 60-67.)

motion will be GRANTED in all other respects.  This matter will be remanded to Magistrate

Judge Saporito for further pretrial handling.   A separate Order will be entered.

Robert D. Mariani
United States District Judge