THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RICKY TEJADA,

    Plaintiff,

    v.

SUPERINTENDENT DELBASO, et al.,

    Defendants.

: CIVIL ACTION NO. 3:18-CV-1096
: (JUDGE MARIANI)
: (Magistrate Judge Saporito)

## ORDER

**AND NOW, THIS 14th DAY OF APRIL 2023**, upon *de novo* consideration of Magistrate Judge Joseph F. Saporito's Report and Recommendation ("R&R") (Doc. 256) and all relevant documents, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff's "Motion to Strike the Written Statement of Appeal and Instead Include the Attached Written Statement of Appeal – Court Receiving Wrong Statement" (Doc. 260) is **GRANTED** as follows:

    a. Plaintiff's "Written Statement of Appeal" (Doc. 259) is **STRICKEN**.

    b. The Court deems the statement attached to Document 260 (*see* Doc. 260-1) to be the Plaintiff's Objections to the R&R (Doc. 256).

2. The R&R (Doc. 256) is **ADOPTED** for the reasons set forth therein.

3. Plaintiff's Objections (Doc. 260-1) are **OVERRULED**. Plaintiff's Objections largely reiterate the arguments previously raised and considered by this Court when overruling Plaintiff's objection to Magistrate Judge Saporito's prior R&R

recommending the grant of summary judgment as to Plaintiff's access-to-courts claim. Furthermore, Plaintiff's Objections fail to refute this Court's finding that the operative complaint does not plead any facts relating to the access-to-courts claim he is now attempting to raise. (*See* Doc. 242, at 4). Although Plaintiff's Objections claim that he alleged an access to courts claim in paragraph 64 of his second amended complaint, that paragraph, and the operative complaint as a whole, do not support Plaintiff's contention. Rather, paragraph 64, states that "by defendants taking the property outlined above and never returning it to Plaintiff has hindered Plaintiff in his PCRA efforts at case No. CR-570-2001 before the Lehigh County Court and preparing for appeal and PCRA at case No. CR-389-2014 before the Huntington County Court regarding evidence withheld from Plaintiff, among other issues regarding that Huntington case." (Doc. 122, ¶ 64). However, the "property" detailed by Plaintiff includes "soap, toothpaste, toothbrush, toilet paper, sheets and blanket" as well as magazines, books, notes, and photos. (*See id.* at ¶¶ 23, 62, 63). Plaintiff's Complaint does not raise Defendant Wall's alleged late mailing of his appeal of the Lehigh County Court's April 7, 2016, denial of his PCRA petition or his appeal of the PCRA denial to the Superior Court. This fact is, in essence, admitted by Plaintiff where, following the issuance of Magistrate Judge Saporito's R&R recommending denial of Plaintiff's motion for reconsideration, Plaintiff filed a "Motion for Leave to Amend Paragraph 64 in the Second Amended Pro Se Complaint" (Doc.

261) and supporting brief (Doc. 262). The motion specifically notes this Court's prior determination that he had not "mention[ed] anything about his appeal of the PCRA denial to the Superior Court" in his second amended complaint (Doc. 242, at 4) and requests permission to amend paragraph 64 to include "additional facts which would clarify or amplify the First Amendment access to courts claim or theory..." (Doc. 262, at 1-2). For these reasons, Plaintiff has not set forth any argument or evidence to support a determination that good cause exists for this Court to reconsider its prior decision and his Objections (Doc. 260-1) are overruled.

4. Plaintiff's Motion for Reconsideration (Doc. 247) is **DENIED**.

5. This matter is **REMANDED** to Magistrate Judge Saporito for further pretrial handling.

_____
Robert D. Mariani
United States District Judge