## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICKY TEJADA, | : | No. 3:18cv1096 |
| **Plaintiff** | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| SUP'T. DELBALSO, *et al.* | : | |
| **Defendants** | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### MEMORANDUM

Plaintiff Ricky Tejada is presently incarcerated at an institution in the

Delaware Department of Correction system and proceeds in this matter *pro se*.

This action concerns events in 2016 and 2018 when plaintiff was incarcerated at

State Correctional Institution – Mahanoy ("SCI-Mahanoy") in Frackville,

Pennsylvania. (Doc. 122, Sec. Am. Compl.).  Tejada's second amended

complaint names various defendants employed at SCI-Mahanoy during that

timeframe.  Following an earlier ruling on defendants' first motion for summary

judgment, the remaining named defendants in this action include Superintendent

DelBalso, Lieutenant Biscoe, Lieutenant Wall, Corrections Officers ("CO")

Cespedes, Evans, Guinther, Lopez, Redanauer, Thoryk, and Grievance

Coordinator Hinman.

Tejada has filed objections to a Report and Recommendation ("R&R")

issued by Magistrate Judge Martin C. Carlson. (Doc. 328).  The R&R

recommends that a second motion for summary judgment filed by the defendants be granted in part and denied in part. (Doc. 327).  Tejada has also appealed a non-dispositive order issued by the magistrate judge, which denied his motion for reimbursement of service costs. (Doc. 330).   Having been fully briefed by the parties, these matters are now ripe for disposition.

**Background**

Tejada initiated this action pursuant to 42 U.S.C. § 1983 ("Section 1983") and state law in May 2018. (Doc. 1, Compl.).  This action has been extensively litigated over the past seven (7) years.  Following earlier rulings by the Honorable Robert D. Mariani regarding the defendants' first motion for summary judgment, only the following claims remain in this matter:

> 1) a First Amendment retaliation claim related to an alleged property confiscation on May 31, 2016;
>
> 2) First Amendment retaliation and Eighth Amendment excessive force claims related to a van transfer on July 26, 2018;
>
> 3) conspiracy claims related to the First and Eighth Amendment claims; and
>
> 4) state law claims for assault and battery.

(Docs. 242 (memorandum) and 243 at ¶¶ 2, 7 (order)).

Because of the extensive record and prior dispositive rulings by the court, the undersigned will adopt the background facts set forth in the R&R.  Those

background facts incorporate a prior R&R issued by then-Magistrate Judge
Joseph F. Saporito, (Doc. 217), and a prior memorandum of Judge Mariani,
which adopted the R&R in part with additional discussion and analysis, (Doc.
242).[1]  As the record stands following those rulings, on May 31, 2016, Defendant
Lieutenant Wall offered the plaintiff an opportunity to leave his cell in the prison's
restrictive housing unit and take a shower on a non-shower day.  (Doc. 327, R&R
at 2 (citing Doc. 217 at 4)).  While plaintiff was showering, he observed
corrections officers removing personal property from his cell. (Id.)  As alleged,
these defendants told the plaintiff that they were acting under orders from
Lieutenant Wall and that his property was removed as the result of filing
grievances. (Id.)

Then, on July 26, 2018, while transporting Tejada between SCI-Mahanoy,
a county courthouse, and SCI-Retreat, Defendant CO Thorx and two unidentified
corrections officers allegedly assaulted the plaintiff by: putting a coat over his
head and restraining his breathing, slapping and throwing liquids on him, kicking

---

[1] To the extent that Tejada objects to background facts recited by the magistrate judge on
Page 2 of the R&R, which reviews prior decisions of the court, (see Doc. 328), that objection
will be overruled.  Providing a complete *de novo* determination where only a general objection
to an R&R is offered undermines "the efficiency the magistrate system was meant to contribute
to the judicial process." Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).  Tejada argues that facts
"were overlooked and/or misapprehended," but does not explain further other than arguing that
the claims against Superintendent DelBalso and Lietenant Biscoe should go forward. (Doc.
329).  Consequently, the court will not review the background facts of this case under a *de
novo* standard.

him, and causing him to fall from his seat to the floor. (Id. at 3 (citing Doc. 242 at 8-9)). Again, plaintiff contends that such events occurred in retaliation for filing grievances. (Id. at 3-4 (citing Doc. 217 at 12)).

On August 26, 2024, defendants filed a motion for partial summary judgment and brief in support. (Docs. 304-305). Defendants advance several arguments in their motion. First, Defendants DelBalso, Biscoe, Wall, Cespedes, Evans, Guinther, Lopez, Redanauer, and Hinman contend that they were not personally involved in the events alleged by Tejada. (Doc. 305, Def. Br. in Supp MSJ at 5-6). Second, regarding the First Amendment retaliation claims, defendants argue that Tejada lacks competent, admissible evidence to establish a causal connection between the defendants' actions and Tejada's submissions of grievances. (Id. at 7-9). Third, the defendants assert that they enjoy sovereign immunity regarding Tejada's state law assault and battery claims. (Id. at 9-11). Finally, the defendants argue that Tejada cannot establish a meeting of the minds between two or more defendants to advance his conspiracy claims. (Id. at 11-14).

The R&R, in turn, reaches four principal conclusions. Regarding defendants' lack of personal involvement arguments, the R&R concludes that the record does not support claims against Superintendent DelBalso, Lieutenant Biscoe, and Grievance Coordinator Hinman. Magistrate Judge Carlson

4

concludes, as a matter of law, that Tejada's supervisory liability claims against these defendants cannot succeed when they only demonstrate inaction or lack of a response to the plaintiff's inmate grievances. (Id. at 19 (citing Dooley v. Wetzel, 957 F.3d 366, 374 (3d Cir. 2020)).  Thus, the R&R recommends granting summary judgment in favor of Superintendent DelBalso, Lieutenant Biscoe, and Grievance Coordinator Hinman.  On the other hand, the R&R notes that Tejada has demonstrated sufficient evidence of personal involvement for the at-issue claims to move forward against COs Cespedes, Evans, Guinther, Lopez, and Redanauer.[2] (Id. at 6).

Second, regarding the First Amendment retaliation claims, the R&R recommends denying summary judgment in favor of the remaining defendants because Tejada's testimony, if believed by a jury, would establish the elements of such claims.[3] (Id. at 19-24).  Third, the R&R recommends entering summary judgment on plaintiff's state law claims for assault and battery because the remaining defendants enjoy sovereign immunity from those claims. (Id. at 26-27).

---

[2] Defendants did not move for summary judgment regarding Tejada's Eighth Amendment claim against CO Thoryk concerning the alleged van transfer incident on July 26, 2018. (Doc. 305, Def. Br. in Supp. at 2, n. 1).

[3] Defendants did not object to this portion of the R&R.  Seeing no evidence of plain error or manifest injustice in Magistrate Judge Carlson's analysis, the court will adopt this portion of the R&R without additional discussion.

Finally, the R&R recommends denying summary judgment as to Tejada's conspiracy claims related to the 2016 property confiscation incident.  But, per Magistrate Judge Carlson's review, the record reflects no evidence of an overarching conspiracy claim connecting the 2016 and 2018 incidents.  The R&R also concludes that there is no record evidence permitting a conspiracy claim to move forward regarding the 2018 incident involving Defendant Thoryk. (Id. at 24-26).  Thus, the R&R recommends a mixed disposition of Tejada's conspiracy claims

Tejada filed a "Written Statement of Appeal" regarding the R&R, (Doc. 328), and brief in support, (Doc. 329), which were docketed by the Clerk of Court on March 21, 2025.  Those two documents will be considered together by the court and construed liberally as the plaintiff's objections to the R&R.  In substance, Tejada "objects and takes exception to Pages 2, 14, and 19" of the R&R, "regarding claims against DelBalso and Biscoe to the extent that these facts were overlooked and/or misapprehended[.]" (Doc. 328).  Tejada's brief in support argues that Lieutenant Biscoe has personal involvement in the May 31, 2016 property confiscation incident for filing an allegedly false misconduct report in response to Tejada pursuing a prison grievance over that incident. (Doc. 329 at ECF p. 3-4).  Tejada also argues that Superintendent DelBalso had personal involvement in the July 27, 2018 van transport incident for "knowingly and

6

unreasonably disregard[ing] an objectively intolerable risk of harm" by approving of "[CO] Thoryk and his gang to conduct and preside over" that transport. (Id. at ECF p. 5). Additionally, Tejada's brief in support of the objections argues that Grievance Coordinator Hinman had personal involvement in the May 31, 2016 property confiscation incident because she "had a front row seat personally witnessing these deprivations[.]" (Doc. 329 at 6).

As for Tejada's appeal of a ruling denying his motion for reimbursement of service costs, Magistrate Judge Carlson did "not discern from the record any culpable failure by the defendants to fail to waive service without good cause." (Doc. 326 at 2). Tejada contends that the magistrate judge erred because the plaintiff had to file motions for default to move this matter forward. (Doc. 330). Tejada's brief in support of the appeal argues that the record sufficiently supports an order awarding the plaintiff reimbursement for service of process costs. (Doc. 331). Subsequently, defendants countered each of Tejada's arguments in their briefs in opposition, (Docs. 334-335), bringing this case to its present posture.

**Jurisdiction**

As Tejada has filed suit pursuant to Section 1983, the court has federal question jurisdiction. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The court has supplemental jurisdiction over

plaintiff's state law tort claims pursuant to 28 U.S.C. § 1367(a). ("In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

**Standards of Review**

**1. Appeals of Non-Dispositive Orders Issued by Magistrate Judges**

This action was referred to a United States Magistrate Judge for pretrial management and for the issuance of R&Rs regarding any dispositive motions. Tejada's motion for reimbursement of service costs is a non-dispositive motion. A Magistrate Judge is empowered by law to hear and decide pretrial non-dispositive matters and a district court judge "may reconsider any pretrial matter under [] subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Similarly, the Rules of Court for the Middle District of Pennsylvania ("Local Rules") provide that "[a]ny party may appeal from a magistrate judge's order determining a non-dispositive pretrial motion or matter in any civil or criminal case in which the magistrate judge is not the presiding judge of the case." M.D. PA. L.R. 72.2. Local Rule 72.2 also sets forth a "clearly erroneous or contrary to law" standard of review. Id.

### 2. Objections to R&Rs

Tejada's objections concern an R&R recommending that defendants' motion for summary judgment be granted in part.  In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report against which objections are made.  28 U.S.C. § 636(b)(1)(c); see also Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987).  The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.  Id.

If a plaintiff has not objected to certain portions of the R&R, then in deciding whether to adopt those portions, the court must determine if a review of the record evidences plain error or manifest injustice.  FED. R. CIV. P. 72(b) 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation"); see also 28 U.S.C. § 636(b)(1); Sullivan, 723 F.2d at 1085.

### 3. Motions for Summary Judgment

The R&R addresses a second motion for summary judgment filed by the defendants. Granting summary judgment is proper " 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' " See Knabe v. Boury Corp., 114 F.3d 407, 410 n. 4 (3d Cir. 1997) (quoting FED. R. CIV. P. 56(c)). "[T]his standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986) (emphasis in original).

In considering a motion for summary judgment, the court must examine the facts in the light most favorable to the party opposing the motion. Int'l Raw Materials, Ltd. v. Stauffer Chem. Co., 898 F.2d 946, 949 (3d Cir.1990).  The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the non-moving party. Anderson, 477 U.S. at 248.  A fact is material when it might affect the outcome of the suit under the governing law. Id.  Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by

showing that the evidentiary materials of record, if reduced to admissible

evidence, would be insufficient to carry the non-movant's burden of proof at trial.

Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  Once the moving party

satisfies its burden, the burden shifts to the nonmoving party, who must go

beyond its pleadings, and designate specific facts by the use of affidavits,

depositions, admissions, or answers to interrogatories showing that there is a

genuine issue for trial. Id. at 324.

**Analysis**

Two matters present themselves for disposition: 1) Tejada's appeal of a

non-dispositive order denying his request for reimbursement of service costs;

and 2) Tejada's objections to the R&R, which recommends that the defendants'

second motion for summary judgment be granted in part and denied in part.

Prior to reviewing Tejada's objections to the R&R, the court will address Tejada's

motion for reimbursement of service costs.

### 1. Tejada's Motion for Reimbursement of Service Costs

On November 20, 2024, more than five (5) years after effecting service,

Tejada filed a motion for reimbursement of service costs pursuant to Federal

Rule of Civil Procedure 4(d)(2)(B). (Doc. 322).  Tejada seeks reimbursement of

$966.48 in costs related to hiring a private process server to serve the complaint

after requesting that defendants waive service. (Id.)  Initially, Magistrate Judge

11

Carlson deemed the motion withdrawn for failure to file a brief in support and

dismissed the motion without prejudice. (Doc. 323).  On January 24, 2025,

Tejada renewed the motion, (Doc. 324), and filed a brief in support, (Doc. 325).

The magistrate judge then denied the motion on February 18, 2025. (Doc. 326).

Tejada's appeal of that order to this court followed. (Docs. 330-331).

Pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.2, the magistrate

judge's denial of Tejada's reimbursement of service costs motion must be clearly

erroneous or contrary to law to grant the plaintiff relief at this time. See Cipollone

v. Liggett Grp., Inc., 785 F.2d 1108, 1120 (3d Cir. 1986).  In reviewing questions

of fact under this standard, the district court is not permitted to receive further

evidence and is bound by the clearly erroneous rule. Haines v. Liggett Grp. Inc.,

975 F.2d 81, 91 (3d Cir. 1992).

The evidence considered by Magistrate Judge Carlson included case

docket entries and photocopies of receipts submitted by Tejada.  After reviewing

the text of Rule 4(d), the magistrate judge concluded as follows:

> In this case...we do not discern from the record any
> culpable failure by the defendants to fail to waive service
> without good cause. Thus, while the docket reflects that
> Tejeda initially struggled to make service of his complaint,
> (Docs. 12-26), those struggles appeared to relate primarily
> to difficulties concerning Tejeda's receipt of mail and the
> Court's refusal to direct the Marshal's Service to make
> service on his behalf. Moreover, upon proper service of the
> complaint in June 2019, (Doc. 46. 47), counsel promptly
> entered an appearance on behalf of the defendants and

> has actively litigated this case. Thus, at this juncture while it is apparent that Tejeda initially struggled to make service upon the defendants, we cannot say that the record shows that the defendants failed to accept a waiver of service without good cause. Therefore, this motion for reimbursement of service costs (Doc, 324), is DENIED.

(Doc. 326 at 2).

The court's own review of the docket entries referenced by Magistrate Judge Carlson confirms his analysis.  The docket entries regarding service are, at best, unclear.  As for Tejada's reference to his 2019 motion for default in his appeal to this court, that motion followed proof of service of the initial complaint and the filing of an amended complaint.  Regarding the timeline related to Tejada's motion for default, the defendants did not timely respond to Tejada's amended complaint, Tejada moved for default, (Doc. 63), defendants responded to a show cause order, (Doc. 64), and then-Magistrate Judge Saporito extended the time for defendants to file an answer to the amended complaint, (Doc. 65).  Defendants subsequently filed an answer to the amended complaint. (Doc. 66).  Thus, Tejada's motion for default does not relate to his request for waiver of service.

Upon further consideration of Tejada's arguments, Rule 4(d)(1) obligates a plaintiff to request that a defendant waive service of a summons.  The notice and request for a waiver must be in writing and addressed to the individual defendant. FED R. CIV. P. 4(d)(1)(A).  It must name the court where the complaint was filed.

13

FED R. CIV. P. 4(d)(1)(B).  It must "be accompanied by a copy of the complaint, 2 copies of the waiver form appended to this Rule 4, and a prepaid means for returning the form[.]" FED R. CIV. P. 4(d)(1)(C).  It must "inform the defendant, using the form appended to this Rule 4, of the consequences of waiving and not waiving service[.]" FED R. CIV. P. 4(d)(1)(D).  It must state the date the request was sent. FED R. CIV. P. 4(d)(1)(E). It must give the defendant reasonable time of at least thirty (30) days after the request was sent to return the waiver. FED R. CIV. P. 4(d)(1)(F).  And it must be sent by first-class mail or other reliable means. FED R. CIV. P. 4(d)(1)(G).

The evidence of record regarding the above requirements includes a letter Tejada sent to an employee in the Clerk of Court's office, which that office docketed on December 10, 2018. (Doc. 24).  Tejada's letter states:

> Sir, I have attempted to serve the waiver of summons on the defendants and they have been non-responsive to the undersigned pro se plaintiff
>
> can I forward you eleven copies of complaint replete with waiver of summons form etc and eleven pre paid envelopes so the defendants can return the waiver…and you send it to the defendants so  the case may go on and my attempt to serve the waiver again established? [sic]

(Id. (paragraphing added by the court for clarity)).

Additionally, Tejada attached DC-138A cash slip forms to a subsequent motion for an extension of time to complete service filed on January 1, 2019.

14

(Doc. 25, ECF p. 3-6). The face of those cash slip forms indicate that Tejada requested that postage costs be deducted from his inmate account at SCI-Retreat for service of the waiver forms on Defendants DelBalso, Biscoe, Wall, Guinther, and Hinman, i.e., less than all defendants named in the initial complaint. (Id.).

As indicated above, the text of Rule 4(d)(1) imposes a number of requirements on a plaintiff. The evidence of record or otherwise provided by Tejada does not demonstrate that each of the requirements of Rule 4(d)(1) were met. There is also no evidence that the defendants received the notices and requests for a waiver of service. The court cannot draw that conclusion from a letter sent to an employee of the Clerk of Court or from the face of prison cash slips. Consequently, the order denying Tejada's motion for reimbursement of service costs is not clearly erroneous or contrary to law. Tejada's appeal to this court will be denied.

### 2. Tejada's Objections to the R&R

Turning now to Tejada's objections to Magistrate Judge Carlson's R&R, he has not objected to the recommendation that summary judgment be granted in favor of the defendants regarding plaintiff's state law claims for assault and battery. The magistrate judge considered well-established Pennsylvania law regarding sovereign immunity in reaching his recommendation. (Doc. 327 at 27-

15

29).  Seeing no plain error or manifest injustice, the court will adopt the recommendation granting summary judgment in favor of the defendants regarding Tejada's state law assault and battery claims.

Tejada has also not objected to the recommendation that summary judgment be granted with respect to any conspiracy claim lodged against Defendant CO Thoryk.  The R&R concludes from the evidence proffered by Tejada at this stage that Defendant CO Thoryk only conspired with himself. (Doc. 327 at 24-26).  Again, seeing no plain error or manifest injustice in that analysis, the court will adopt the recommendation granting summary judgment with respect to any conspiracy claim lodged against Defendant CO Thoryk.

That leaves one final principal conclusion reached in the R&R remaining for disposition.  The R&R recommends that summary judgment be granted in favor of Superintendent DelBalso, Lieutenant Biscoe, and Grievance Coordinator Hinman due to a lack of evidence demonstrating that they were actively involved in the events of May 31, 2016 or July 26, 2018 or that they directed or acquiesced in the actions of prison staff on these two occasions. (Doc. 327 at 19).  Tejada addresses these defendants individually in his objections, so the court will likewise.

### a. Lieutenant Biscoe

In his objections, Tejada argues that summary judgment is improper regarding his First Amendment retaliation claim against Lieutenant Biscoe because of averments and evidence included in his second amended complaint. (Doc. 329 at ECF p. 3). Tejada contends that Lieutenant Biscoe issued a false prison misconduct report related to the plaintiff filing a grievance after the property confiscation incident on May 31, 2016. (Doc. 329 (citing Doc. 122, Sec. Am. Compl. ¶¶ 33, 52-53)). Tejada's second amended complaint also includes: 1) a copy of that misconduct report issued by Lieutenant Biscoe, (Doc. 122, Ex. D); and 2) a verdict form finding him not guilty of that misconduct, (id., Ex. E).

Tejada's objection is meritless. His First Amendment retaliation claim against Lieutenant Biscoe did not survive the defendants' first motion for summary judgment. (See Doc. 217 at 71-75; Doc. 242 at 11-13; Doc. 243 ¶ 9). As Judge Mariani indicated:

> Plaintiff does not show error in Magistrate Judge Saporito's assessment of his general claims of retaliation, i.e., Plaintiffs "position that everything the defendants did to him was done in retaliation for his prior filing of unspecified inmate grievances." (Doc. 217 at 72.) However, to the extent Plaintiff alleges specifically that the confiscation/ destruction of personal property on May 31, 2016, was in retaliation for an informal grievance filed that morning…closer evaluation is needed.

(Doc. 242 at 11-12).

17

The claim against Lieutenant Biscoe asserted by Tejada in his objection is predicated on the *subsequent* issuance of a misconduct charge *after* the May 31, 2016 incident and has already been decided against the plaintiff's position. Tejada cannot simply resurrect his misconduct-related retaliation claim against Lieutenant Biscoe through his objection.  Upon review of Tejada's allegations, Lieutenant Biscoe's issuance of this misconduct is his only connection to this case other than his role as a security lieutenant at SCI-Mahanoy.

In Section 1983 actions, liability cannot be "predicated solely on the operation of *respondeat superior*." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted).  Rather, a Section 1983 plaintiff must demonstrate the defendant's "personal involvement in the alleged misconduct." Dooley, 957 F.3d at 374 (citing Rode, 845 F.2d at 1207).  Personal involvement may be demonstrated by a defendant's direct wrongful conduct or through evidence of "personal direction" or "actual knowledge and acquiescence." Id.  As indicated, there is no evidence proffered by Tejada that Lieutenant Biscoe was directly involved in the property confiscation incident itself on May 31, 2016 or that he knew and acquiesced to the alleged conduct that date by the other defendants.  Tejada's objection to the R&R will be overruled with respect to Lieutenant Biscoe and summary judgment will be granted in that defendant's favor.

### b.    Superintendent DelBalso

Similarly, Tejada's objection to the R&R regarding Superintendent Delbalso will also be overruled.  Tejada contends that DelBalso should not be dismissed because, as Superintendent of SCI-Mahanoy, she "directly oversees any and all discharges or admittances into her institution." (Doc. 329 at ECF pgs. 4-5.). According to Tejada, she approved Defendant CO Thoryk and others to preside over the July 26, 2018 van transport that allegedly resulted in an incident where the plaintiff's First and Eighth Amendment rights were violated.  (Id.)

Per the averments, Superintendent DelBalso oversaw discharges from SCI-Mahanoy, that is, she had a supervisory role in Tejada's transfer to SCI-Retreat.  As alluded to above, in a Section 1983 action, a supervisor may be liable if she "participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in [her] subordinates' violations." A.M. ex rel. J.M.K. v. Luzerne Cnty. Juv. Det. Ctr., 372 F.3d 572, 586 (3d Cir. 2004). A supervisor may also be liable if she, with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused the constitutional harm. See id. (citation omitted); see also Santiago v. Warminster Twp., 629 F.3d 121, 129, n. 5 (3d Cir. 2010)

Tejada makes numerous allegations in his second amended complaint, many of which did not withstand the first motion for summary judgment.  On this second motion for summary judgment, Tejada must respond to the motion with competent, admissible evidence beyond the averments in his second amended complaint.  He must offer something beyond mere speculation that Superintendent DelBalso directed or otherwise involved herself in the alleged acts attributed to Defendant CO Thoryk or that they were done with her knowledge and acquiescence.  Alternatively, Tejada must respond to the motion with evidence that Superintendent DelBalso established a policy, practice, or custom with deliberate indifference, which then caused Tejada's alleged harm. The plaintiff has not done so here.  Summary judgment will thus be granted in favor of Superintendent DelBalso.

### c. Grievance Coordinator Hinman

Finally, the R&R concludes that, per the summary judgment record, Grievance Coordinator Hinman's only connection to the May 31, 2016 incident entailed receiving and responding to grievances which Tejada alleges that he lodged against other staff.  (Doc. 327 at 14).  A Section 1983 action may not proceed against a defendant where that defendant's involvement in the claim is limited to the review and denial of prison grievances. See Dooley, 957 F.3d at

374. Consequently, the R&R recommends granting summary judgment in favor of Grievance Coordinator Hinman.

In his objection, Tejada argues that Grievance Coordinator Hinman had "first hand notice" and a "front row seat" of the events of May 31, 2016. (Doc. 329 Pl. Br. in Supp. of Obj. at 6). The court can only construe this argument as one placing her in the restricted housing unit while other prison staff members removed property from Tejada's cell. After review, Tejada's arguments appear to be rhetorical flourishes and are not supported by actual facts in the summary judgment record.

Additionally, Magistrate Judge Carlson recommends denying summary judgment regarding Tejada's conspiracy claims related to the May 31, 2016 incident. Tejada thus contends that Grievance Coordinator Hinman engaged a conspiracy with the remaining defendants related to that incident. (Doc. 329 at 6-7).

In support, Tejada argues that Hinman "knew or should have [known] from the business records" attached to the complaint that he was being deprived of his constitutional rights, meaning, she knew or should have known of the plaintiff's issues with the staff in his placement unit. (Id. at 6). Tejada also contends that Hinman failed to act as required by prison policy. (Id. at 7).

After review of the exhibits referenced by Tejada, those documents indicate that Grievance Coordinator Hinman reviewed and responded to prison grievances lodged by the plaintiff regarding certain events after the May 31, 2016 incident. Thus, Tejada has only responded to summary judgment with his own allegations that the alleged conspiracy also included Grievance Coordinator Hinman before and after the relevant events. With nothing other than those allegations, Tejada's objection to the R&R will be overruled and summary judgment will be granted accordingly.

**Conclusion**

For the reasons set forth above, Tejada's motion for reconsideration/appeal of the order denying his motion for reimbursement costs will be denied. Tejada's objections to Magistrate Judge Carlson's R&R will be overruled. The R&R will be adopted in full.

Defendants' second motion for summary judgment will thus be granted in part and denied in part. Defendants' motion will be granted with respect to plaintiff's state law assault and battery claims. Defendant's motion will be granted with respect to any conspiracy claim lodged against Defendant CO Thoryk. Defendant's motion will be granted with respect to plaintiff's claims against Defendants Superintendent DelBalso, Lieutenant Biscoe, and Grievance Coordinator Hinman. Defendant's motion will be denied in all other respects.

22

As for the next steps in this litigation, defendants' motion seeking a pre-trial hearing on the issue of administrative exhaustion remains pending. (See Doc. 270).  For his part, plaintiff also seeks an immediate hearing. (Doc. 307).  The administrative exhaustion issue remains unresolved. (See Doc. 305, n. 1, Doc. 314, Doc. 327, n. 2).  The court will thus remand this matter to a United States Magistrate Judge to address any renewed arguments from the parties about administrative exhaustion now that the defendants' second motion for summary judgment has been addressed.  An appropriate order follows.

Date: 5/13/25

_____
JUDGE JULIA K. MUNLEY
United States District Court

23