UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RICKY TEJEDA,** | : | Civil No. 3:18-CV-1096 |
| Plaintiff, | : | (Judge Munley) |
| v. | : | (Magistrate Judge Carlson) |
| **WILLIAM CAMPBELL, et al.,** | : | |
| Defendants. | : | |

## AMENDED[1] MEMORANDUM AND ORDER

The plaintiff is a state prisoner who is scheduled to proceed to trial on some claims, the court having denied a summary judgment motion as to some claims. Given that some of these claims have survived summary judgment, the plaintiff has filed a motion seeking appointment of counsel, which has not been opposed by the defendants. (Doc. 338).

We recognize that there is neither a constitutional nor a statutory right to counsel for civil litigants. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997); Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993). Instead, 28 U.S.C. § 1915(e)(1) simply provides that "[t]he court may request an attorney to represent any person unable to employ counsel." Under § 1915(e)(1), a district court's appointment of

---

[1] This order has been amended to extend the deadline for determining whether *pro bono* counsel is available.

1

counsel is discretionary and must be made on a case-by-case basis. Tabron, 6 F.3d at 157-58. In Parham, the United States Court of Appeals outlined the standards to be considered by courts when reviewing an application to appoint counsel pursuant to 28 U.S.C. § 1915(e)(1). In passing on such requests we must first:

> [D]etermine[] that the plaintiff's claim has some merit, then [we] should consider the following factors: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; [and] (6) whether the plaintiff can attain and afford counsel on his own behalf.

Parham v. Johnson, 126 F.3d at 457. Moreover, "we have [been] cautioned that courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002). Indeed, in this regard:

> Third Circuit Court of Appeals has directed district courts to examine two additional factors when considering an indigent party's request for counsel. These factors are: 1) "[t]he Court's willingness to aid the indigent party in presenting his or her case ... and 2) [t]he supply of attorneys willing to take ' 1915(e) requests in the geographic area of the litigation." Gordon v. Gonzalez, 232 Fed. Appx. 153, fn. 4 (3d Cir.2007).

Quinn v. Vrable, CIV. 3:CV-06-0571, 2008 WL 5146534 (M.D. Pa. Dec. 8, 2008). We must consider the availability of counsel when ruling upon these requests because: "the scarcity of available counsel is a very real consideration as to if, and

when, the appointment of counsel in a case can be accomplished by the district court as 'courts have no authority to compel counsel to represent an indigent civil litigant.' Tabron, 6 F.3d at 157 n. 6." Quinn v. Vrable, CIV. 3:CV-06-0571, 2008 WL 5146534 (M.D. Pa. Dec. 8, 2008).

Mindful of the fact that appointed counsel is a "precious commodity," and further cognizant of the fact that we must rely upon a "volunteer lawyer", since we lack the ability to conscript counsel, we also recognize that in the exercise of our discretion appointment of counsel may be appropriate where a plaintiff advance claims of arguable merit and presents facts which would prevent the plaintiff from fully pursuing those claims. See Hetzel v. Swartz, 917 F. Supp. 344 (M.D. Pa. 1996). In our view, the claims in this case have potentially arguable merit, and the plaintiff does not appear to have the financial ability to retain counsel. Considering all of these factors, we conclude that a search should be undertaken for *pro bono* counsel who may be willing and able to undertake representation of the plaintiff in this action.

Accordingly, IT IS HEREBY ORDERED THAT:

1) We conditionally **GRANT** the motion for appointment of counsel in this case, (Doc. 338), provided that a member of the *Pro Bono* panel of the Middle District of Pennsylvania Chapter of the Federal Bar Association agrees to volunteer

to represent Plaintiff.   Plaintiff is advised that locating *pro bono* counsel may take some time; he will be notified in writing of the results of the search for counsel as soon as possible.   The *Pro Bono* Coordinator for Middle District of Pennsylvania Chapter of the Federal Bar Association shall report to the Court on the progress of identifying *pro bono* counsel on or before **December 2, 2025.**

2) If the court is unsuccessful in its efforts to locate *pro bono* counsel to represent Plaintiff, he shall proceed *pro se*, and this order conditionally granting the motion for appointment of counsel will be vacated.

3) A copy of this order will be served upon the *Pro Bono* Coordinator for Middle District of Pennsylvania Chapter of the Federal Bar Association.

SO ORDERED, this 4th day of November 2025.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge